UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BENJAMIN AND LINDA EDWARDS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | |
| | * | **NO. 06-1407** |
| **HOMEQ SERVICING CORPORATION &** | * | |
| **FIDELITY AND DEPOSIT COMPANY OF** | * | |
| **MARYLAND** | * | **SECTION "L"(5)** |

## ORDER & REASONS

Before the Court is Defendant Homeq Servicing Corporation's[1] Motion for Summary Judgment (Rec. Doc. No. 34). For the following reasons, the motion is GRANTED.

**I.   BACKGROUND**

This case arises out of property damage as a result of Hurricane Katrina. Plaintiffs allege that Hurricane Katrina caused extensive damage to Plaintiff's property located at 3816 Louisa Street in New Orleans, Louisiana. Plaintiffs filed suit against Fidelity and Deposit Company of Maryland ("Fidelity"), who the Plaintiffs allege issued a flood insurance policy covering the property, and Homeq Servicing Corporation ("Homeq"), who the Plaintiffs allege serviced the mortgage on the property, in the Civil District Court for the Parish of Orleans, State of Louisiana. Plaintiffs allege that the property was completely destroyed by the flood damage and they are entitled to the full amount under shown on the policy.

The complaint alleges that Homeq failed to make the necessary payments to Fidelity for the flood insurance premiums and, therefore, Homeq is responsible for the Plaintiffs' damages resulting from the fact that their property did not have flood insurance. Further, the

---

[1]   Homeq Servicing Corporation is now known as Wachovia Equity Servicing.

Plaintiffs allege that Homeq and Fidelity acted in bad faith and are liable to the Plaintiffs for damages for pain and suffering, emotional distress, embarrassment and humiliation, and property damage.

However, in their opposition to the instant motion, the Plaintiffs' claims against Homeq appear to focus on whether Homeq was negligent in informing the Plaintiffs that they lacked flood insurance in the wake of Hurricane Katrina.  The Plaintiffs appear to allege that from the time Hurricane Katrina struck Southeast Louisiana until late November or early December, Homeq advised the Plaintiffs that they did not have flood insurance for their property.  Then in early December, Homeq realized its error and informed that Plaintiffs that they did indeed have flood insurance.  Plaintiffs allege that they have a cause of action against Homeq pursuant to Louisiana Civil Code Article 2315.  According to the Plaintiffs, these actions constituted negligence and the Plaintiffs suffered personal injuries as a result.

On March 17, 2006, Fidelity removed this suit to this Court arguing that the Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Fidelity is a insurer organized under the laws of Maryland and with its principal place of business in Maryland and Homeq is a corporation organized under the law of Delaware and with its principal place of business in California; therefore, according to Fidelity, complete diversity exists.  Further, Fidelity argues that the jurisdiction amount is met.

Homeq filed the instant motion for summary judgment on January 11, 2008.  Homeq argues that the Plaintiffs cannot meet any of the required elements to establish negligence or fault against Homeq.  Specifically, Homeq argues that under Louisiana law it owed no duty to the Plaintiffs with respect to procuring or maintaining flood insurance and that the Plaintiffs cannot show that, even if a duty existed, that Homeq breached such a duty.  Homeq also argues

that the Plaintiffs have not suffered any damages because of the fact that Homeq procured insurance coverage and that the Plaintiffs received insurance proceeds under that policy in sufficient amounts to pay off the mortgage note on the property.

Plaintiffs oppose the motion arguing that Homeq has failed to show that there are no issues of any material fact.[2]  Homeq, according to the Plaintiffs, has not provided any evidence that it timely processed the claim made by the Plaintiffs and cannot prove that the Plaintiffs did not suffer any harm as result of Homeq's actions.

**II.     LAW & ANALYSIS**

Summary judgment is appropriate in a case if "there is no genuine issues as to any material fact."  Fed. R. Civ. P. 56(c).  "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact."  *In re Vioxx Products Liability Litigation*, 2007 WL 1952964, *4 (E.D. La. July 3, 2007).  In determining whether a genuine issue of material fact exists, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion."  *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004).  But because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted."  *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

---

[2]  To note, pursuant to Local Rule 7.5E of the Eastern District of Louisiana, memoranda in opposition to a motion must be filed and a copy delivered to chambers eight days prior to the date set for hearing on the motion.  The instant motion was set for hearing on February 13, 2008, therefore a memorandum in opposition was due on February 5, 2008.  The Plaintiffs, however, did not file their opposition until February 11, 2008, which was a week late.  The Court urges counsel for the Plaintiffs to be mindful of the relevant deadlines as this case continues.

In order to prevail on a claim of negligence, a plaintiff must prove the following three elements: first, the existence of a duty to conform one's behavior to a specific standard; second, the defendant failed to conform to that duty; third, the conduct was a cause in fact of the plaintiff's injuries; fourth, the conduct was the legal cause of the plaintiff's injuries; and fifth, that actual damages resulted. *Barnes v. Bass*, 933 So.2d 241, 244 (La. App. Ct. 2006). The threshold question of whether a duty exists is a question of law. *Id.* "The particular facts and circumstances of each individual case determine the extent of any duty owed." *Oliver v. Central Bank*, 658 So.2d 1316, 1325 (La. App. Ct. 1995).

The Court finds that Homeq did not owe a duty to the Plaintiffs under either characterization of the Plaintiffs' claims. Louisiana courts have consistently held that when a lender purchases flood insurance pursuant to a force placed provision in a mortgage contract, the lender is protecting its own interests and not the borrower's interests. *See, e.g.*, *Oliver*, 658 So.2d at 1322; *Crumes v. General Ins. Co. of America*, 2007 WL 4257067, *2 (E.D. La. Nov. 30, 2007); *Leach v. Ameriquest Mortg. Services*, 2007 WL 2900480, *2 (E.D. La. Oct. 2, 2007). As a result, "there is no duty of the lender to provide coverage or to notify the borrower of lapsed coverage." *Leach*, 2007 WL 2900480 at *2. If a mortgage lender does not have a duty to notify the borrower of any lapsed coverage, surely the lender does not have a duty to inform the borrower that there is coverage in the event the lender force places a policy.

Assuming that a duty existed, Homeq did not breach that duty. First, Homeq did procure coverage for the Plaintiffs' property that was in effect at the time Hurricane Katrina struck the New Orleans area, and, indeed, it appears as though the Plaintiffs received funds under this policy that was used to pay off their mortgage on the property. Second, after Homeq force placed the flood insurance policy that covered the property, Plaintiffs admit in their complaint

that Homeq (and Fidelity) provided a copy of a binder of flood coverage indicating that a policy was in place for the period from April 15, 2005 through April 14, 2006.  *See*, Complaint, ¶ VII, Rec. Doc. No. 1.  Accordingly, the Plaintiffs had all of the relevant materials necessary to file a claim under the flood insurance policy.

### III.     CONCLUSION

Accordingly, Defendant Homeq Servicing Corporation's Motion for Summary Judgment is GRANTED, and Plaintiffs' claims against Homeq are hereby DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 25th day of February, 2008.

_____
UNITED STATES DISTRICT JUDGE